# ORIGINAL

## In the United States Court of Federal Claims

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ED NEEDLES, *pro se*, | * | |
| Plaintiff, | * | |
| v. | * | No. 11-241L |
| THE UNITED STATES, | * | (Filed Apr. 20, 2011) |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
APR 20 2011
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On April 15, 2011, plaintiff filed a Petition for Writ of Prohibition, for Writs of Mandamus, and Injunction; Affidavit. In addition to the United States, this complaint names the following as defendants: John and Jane Does at the U.S. Court of Appeals for the Ninth Circuit; Judge Mossman, or Clerk of the United States District Court District of Oregon; and Terry R. Kolkey, court-appointed counsel and Court Officer.

Plaintiff's complaint is a rambling discourse that only tangentially pleads a taking without just compensation of "valid mineral deposit property." Compl. filed Apr. 15, 2011, ¶ 1. The gravaman of the complaint and attachments relate to criminal prosecution and sentences.

Pursuant to RCFC 8(a)(1), a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction." RCFC 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1977) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983)).

"A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988). The practice of the United States Court of Federal Claims has been for a judge to review a *pro se* complaint to ascertain if, beyond peradventure, it cannot support jurisdiction. Thus, the Government is not taxed in a case that unquestionably does not belong in the Court of Federal Claims with a wasteful expenditure of its resources when plaintiff cannot establish

that jurisdiction is present.  This court endorses the prior practice and continues it.  In any case exhibiting a jurisdictional deficiency "'so attenuated and unsubstantial as to be absolutely devoid of merit,'" Kroll v. Finnerty, 242 F.3d 1359, 1362 (Fed. Cir. 2001) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)), the court would be remiss in allowing the action to proceed so pointlessly.

The court acknowledges that *pro se* plaintiffs "are not expected to frame issues with the precision of a common law pleading." Roche v. United States Postal Servs., 828 F.2d 1555, 1558 (Fed. Cir. 1987).  Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in the Court of Federal Claims.

Under the Tucker Act, 28 U.S.C. § 1491(a)(1) (2006), the United States Court of Federal Claims is authorized to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  This jurisdiction extends only to claims for money damages and must be strictly construed. See, e.g., Radioshack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009) ("[W]aivers of the United States's sovereign immunity are to be construed narrowly.").  In this manner Congress has restricted the Court of Federal Claims to claims based on statutes or regulations that require the payment of money, contracts express or implied in fact, or claims for property that has been taken in violation of the Fifth Amendment of the Constitution. See 28 U.S.C. § 1491.  This jurisdiction extends only to claims for money damages. See United States v. Testan, 424 U.S. 392, 398 (1976).

The court's review discloses that the complaint fails to indicate when or how plaintiff was deprived of his alleged mineral estate.  Plaintiff must provide this information in order to plead a claim within the jurisdiction of the Court of Federal Claims. John R. Sand & Gravel, Co. v. United States, 552 U.S. 130, 133-34 (2008) (holding six-year statute of limitations of 28 U.S.C. § 2501 (2006), to be jurisdictional in Court of Federal Claims).

The court can discern no other claim over which the Court of Federal Claims would have jurisdiction.  When a complaint names private parties, rather than federal agencies, the Court of Federal Claims lacks jurisdiction to hear those matters. United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]ts jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)); Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

2

Moreover, the Court of Federal Claims has jurisdiction only with respect to constitutional claims that are founded on the takings clause of the Fifth Amendment because other amendments of the Constitution cannot "fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 226 (1983); Elkins v. United States, 229 Ct. Cl. 607, 608 (1981) ("[E]xcept for the takings clause of the fifth amendment, the other amendments do not require the United States to pay money for their alleged violation."). Accordingly, the court does not have jurisdiction over Fifth Amendment due process claims or Sixth Amendment claims. See Brown, 105 F.3d at 623 ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims lacks jurisdiction over such a violation."); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that Fifth Amendment's due process clause is insufficient "basis for jurisdiction because [it does] not mandate payment of money by the Government"); Dupre v. United States, 229 Ct. Cl. 706 (1981) (affirming that Fourth and Sixth Amendments do not alone "obligate the United States to pay money damages," therefore denying jurisdiction over claim).

Plaintiff's requests relating to relief from a sentence imposed for a crime do not come within the jurisdiction of the Court of Federal Claims. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) (Court of Federal Claims lacks jurisdiction over claims under Title 18).

Plaintiff will be afforded an opportunity to plead a takings claim. Plaintiff should be mindful that, while documents filed by *pro se* claimants are liberally construed, the limited jurisdiction of the Court of Federal Claims will not bend for *pro se* claimants. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Kelly v. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of . . . jurisdictional requirement[s] . . . for *pro se* litigants only."); see also Sanders v. United States, 252 F.3d 1329, 1336 (Fed. Cir. 2001) (upholding dismissal of breach of contract claim because *pro se* claimant failed in her burden to prove jurisdiction). Plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." Sanders, 252 F.3d at 1333. Accordingly,

**IT IS ORDERED**, as follows:

1. By May 15, 2011, plaintiff shall file an amended complaint setting forth the nature of the takings claim, the date upon which the claim accrued (the taking took place), and any other particulars that would inform defendant of the taking pleaded. This amended complaint shall comply with RCFC 8(a)(1) insofar as plaintiff shall state clearly the nature of his takings claim.

2. Defendant is not required to answer or otherwise respond to the complaint pending further order of the court.

                                                           _/s/ Christine O. C. Miller_
                                                           **Christine Odell Cook Miller**
                                                           Judge